IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Adrien Vincent Brown, #180909,       )<br>                                                         )<br>                    Plaintiff,             )<br>                                                         )<br>       vs.                                           )       C.A. No. 3:04-23237-TLW<br>                                                         )<br>P. Douglas Taylor, Warden of Ridgeland )<br>Correctional Institution; State of South  )<br>Carolina; H. Stanley Feldman, Attorney )<br>at Law; and Wanda Haile, Attorney for  )<br>South Carolina Office of Appellate      )<br>Defense,                                         )<br>                                                         )<br>                    Defendants.          )<br>                                                         ) | |

## **ORDER**

This matter is before the Court for review of the Report and Recommendation (the "Report") filed by United States Magistrate Judge Joseph R. McCrorey, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In the Report, Magistrate Judge McCrorey recommends that this case be dismissed without prejudice and without issuance and service of process. Judge McCrorey further recommends that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). The plaintiff has filed objections to the Report.[1]

---

[1] The plaintiff initially filed a motion for extension of time to file objections to the Report. As noted, the plaintiff has now filed objections to the Report. Thus, the motion for extension of time to file objections is now deemed **MOOT**.

1

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed the Report. After careful review of the Report and objections thereto, the Court accepts the Report.

It is therefore **ORDERED** that the Report be **ACCEPTED**, the objections be **OVERRULED**, and this case be **DISMISSED** without prejudice and without issuance and service of process.

It is further **ORDERED** that the action be deemed a "strike" pursuant to 28 U.S.C. § 1915(g) as it is frivolous and fails to state a claim upon which relief may be granted.

s/ Terry L. Wooten
TERRY L. WOOTEN
UNITED STATES DISTRICT JUDGE

June 23, 2005
Florence, South Carolina